IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES M. FERGUSON  #60446** | **PETITIONER** |
| **V.** | **CIVIL ACTION NO. 1:14cv204-HSO-RHW** |
| **CHRISTOPHER EPPS, Commissioner** of the Mississippi Department of Corrections | **RESPONDENT** |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

Before the Court are [1] the Petition of James M. Ferguson for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed May 9, 2014, [12] the Respondent's September 8, 2014 Motion to Dismiss for Failure to Exhaust, and [13] Ferguson's response to the motion to dismiss. After review of the pleadings and records on file, the undersigned is of the opinion that Respondent's Motion to Dismiss is well taken and should be granted.

Facts and Procedural History

Petitioner, James M. Ferguson, was convicted by a jury of aggravated assault in the Circuit Court of Harrison County, Mississippi, and was sentenced, as a habitual offender, to serve life imprisonment in custody of the Mississippi Department of Corrections.  Ferguson appealed, urging that the trial court erred in denying his motions for directed verdict and judgment notwithstanding the verdict, in denying a proffered jury instruction and in granting the state's motion in limine precluding introduction of drug paraphernalia found in the victim's apartment.  On February 6, 2014, the Mississippi Supreme Court affirmed the conviction and sentence.  *Ferguson v. State*, 137 So.3d 240 (Miss. 2014), rehearing denied April 10, 2014. Neither the records of the Mississippi Supreme Court Clerk's office nor the docket of the United

States Supreme Court show that Ferguson filed any petition for writ of certiorari to the United States Supreme Court. Instead, he filed this petition for federal habeas relief.

When he filed this *pro se* habeas petition on May 9, 2014, Ferguson was incarcerated in Wilkinson County Correctional Facility in Woodville, Mississippi, where Frank Shaw is Warden. The docket reflects that since that time, Ferguson has filed three changes of address, and he is presently imprisoned at East Mississippi Correctional Facility in Meridian, Mississippi, where Norris Hogan is Acting Warden. As grounds for relief, Ferguson asserts in his petition (1) ineffective assistance of counsel, and (2) violation of grand jury clause, constructive amendment of indictment. Ferguson contends he did not stab the victim with a knife as charged in the indictment [1-1] because although medical reports show the victim had a fractured nose, abrasions and lacerations, they do not use the word "stab," and his attorney "did no cross-examination of witness about stabbing." He claims his attorney's failure to object to evidence that Ferguson also beat the victim with a curling iron, hair dryer and portable radio resulted in a constructive amendment of the indictment because the indictment charged aggravated assault with a deadly weapon (knife). [1]

Respondent asserts the petition should be dismissed as these claims have not been exhausted in the state courts. Ferguson concedes in his response to the motion that exhaustion of state court remedies is required, but argues that on direct appeal he presented to the Mississippi Supreme Court a September 6, 2013 *pro se* supplemental brief alleging ineffective assistance of counsel, and that by order of February 4, 2014, Justice Dickinson instructed the Clerk to file Ferguson's brief. The Supreme Court, in its opinion affirming Ferguson's conviction, stated that claims of ineffective assistance of counsel "are more appropriately brought during post-conviction proceedings," and denied that claim without prejudice to Ferguson's properly raising

it in such a proceeding. There is neither any allegation nor evidence that Ferguson has ever pursued post-conviction relief to properly present his ineffective assistance of counsel claim to the state court.

### Exhaustion of State Court Remedies

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court ... prior to requesting federal collateral relief. *See*, *Rose v. Lundy*, 455 U.S. 509 (1982)." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Pursuant to the statute:

> (b)(1) An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> ***
>
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. To satisfy the exhaustion requirement, a federal habeas petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). That is, the prisoner must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *Id.*, at 839. The exhaustion doctrine serves to minimize friction between federal and state systems of justice

by allowing the state an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights.  See, *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999).

"Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the error from the state courts. 28 U.S.C. § 2254(b)." *Edwards v. Thigpen*, 595 F. Supp. 1271, 1277, (S.D. Miss. 1984), *aff'd,* 849 F.2d 204 (5th Cir. 1988), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1328, 103 L.Ed.2d 597 (1989).  Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990).

Ferguson still has available state court remedies under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. § 99-39-1, *et seq.*, to address the claims raised in the petition before this Court.[1]  The undersigned is of the opinion that his failure to fully pursue and exhaust those remedies warrants dismissal of his federal habeas petition.

RECOMMENDATION

Upon due consideration of the Petition, pleadings on file and relevant legal authority, it is the opinion of the undersigned U.S. Magistrate Judge that [12] Respondent's Motion to Dismiss for Failure to Exhaust is well taken and should be granted, and Ferguson's petition, dismissed.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen (14) days to

---

[1] State court post-conviction collateral relief motions must be filed within three years after the time in which the petitioner's direct appeal is ruled upon. MISS. CODE ANN. § 99-39-5(2).  One whose conviction has been affirmed on appeal must first obtain leave of the Mississippi Supreme Court to file a post-conviction motion in the trial court. MISS. CODE ANN. § 99-39-7.  If the motion is denied by the trial court, appeal may be taken the Mississippi Supreme Court.  MISS. CODE ANN. § 99-39-25.

serve and file with the Clerk any written objections to it.  Within seven (7) days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 3rd day of March, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE