IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. FERGUSON | § | PETITIONER |
| | § | |
| v. | § | CIVIL NO.: 1:14cv204-HSO-RHW |
| | § | |
| MISSISSIPPI DEPARTMENT OF | § | RESPONDENTS |
| CORRECTION, CHRISTOPHER | § | |
| EPPS, and JIM HOOD | § | |

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION, ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

BEFORE THE COURT is Petitioner James M. Ferguson's April 7, 2015, Objection and Response [20] to the Proposed Findings of Fact and Recommendations [17] of United States Magistrate Judge Robert H. Walker issued March 3, 2015. Also before the Court are the Motion to Dismiss [12] filed by Respondent Christopher Epps and Petitioner's Motion Requesting [sic] Status Update [19]. After due consideration of the issues presented, the record, and relevant legal authorities, the Court is of the opinion that Petitioner's Objection [20] should be overruled, the Magistrate Judge's Proposed Findings of Fact and Recommendations [17] should be adopted as the opinion of the Court, and the Motion to Dismiss [12] should be granted. The Petitioner's Petition [1] for Writ of Habeas Corpus should be dismissed without prejudice for failure to exhaust state law remedies. Petitioner's Motion Requesting [sic] Status Update [19] should be denied as moot.

1

I. FACTS AND PROCEDURAL HISTORY

Petitioner James M. Ferguson ("Petitioner") was convicted of aggravated assault in the Circuit Court of Harrison County, Mississippi, stemming from a March 22, 2011, altercation involving Petitioner and a female companion. *See* Ex. "A" to Mot. to Dismiss [12-1]. This conviction was affirmed on direct appeal to the Mississippi Supreme Court on February 6, 2014.[1]  *Id*.  On May 9, 2014, Petitioner filed in this Court a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, raising as grounds ineffective assistance of counsel and that the indictment was constructively amended in violation of the Grand Jury Clause of the United States Constitution. Pet. 1-2 [1]. Respondent Christopher Epps ("Respondent") moved to dismiss [12] the Petition on September 8, 2014, contending that Petitioner has not yet exhausted the state law remedies available to him with respect to either ground upon which the Petition is based. Mot. to Dismiss 2-5 [12].

On March 3, 2015, United States Magistrate Judge Robert H. Walker issued his Proposed Findings of Fact and Recommendations [17] in which he found that the record revealed Petitioner "still has available state court remedies under" the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code §§ 99-39-1 through -29, which would "address the claims raised in the [P]etition before this Court." Proposed Findings of Fact and Recommendations 4 [17]. Accordingly,

---

[1] Subsequent to the Mississippi Supreme Court's decision affirming Petitioner's conviction, Petitioner's request for rehearing was denied April 10, 2014 [19-9], and a "Petition for Writ of Certiorari" filed by Petitioner was dismissed by the Mississippi Supreme Court by Order [19-10] dated April 21, 2014.

the Magistrate Judge recommended dismissal of the Petition. *Id*. Petitioner now objects, claiming that he satisfied the exhaustion requirement when he submitted a supplemental brief to the Mississippi Supreme Court. Objection 5 [20].[2]

## II. DISCUSSION

A. Legal Standard

Because objections have been submitted to the Magistrate Judge's Proposed Findings of Fact and Recommendations, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

---

[2] The record reflects that due to a mail room error at the correctional facility in which Petitioner is confined, Petitioner did not receive the March 3, 2015, Proposed Findings of Fact and Recommendations [17] until March 19, 2015. In the interim, Petitioner filed a paper entitled "Requesting [sic] Status Update" [19] which essentially argues the merits of Petitioner's ineffective assistance of counsel and constructive amendment claims. In light of the Court's decision to overrule Petitioner's Objection [20] to the Magistrate Judge's Proposed Findings of Fact and Recommendations [17], the Court finds that Petitioner's Motion Requesting [sic] Status Update [19] is moot.

3

B. <u>Petitioner Has Not Exhausted the Remedies Available to Him Under Mississippi Law</u>

Petitioner appears to suggest that his claims were presented to "the [S]tate [of Mississippi]" and "firmly rejected" when he unsuccessfully sought leave to file a supplemental brief to assert claims for ineffective assistance of counsel and constructive amendment while his conviction was on direct appeal before the Mississippi Supreme Court. Objection 3 [20]. Petitioner maintains that whether a state court has explicitly passed on his claims "is irrelevant to the question of exhaustion[]" because all that is necessary is that the claims be presented to the state's [h]ighest court . . . ." *Id.* at 4 (emphasis removed).

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest [state] court." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). "Fair presentation does not entertain presenting claims 'for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.'" *Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

The record reveals that Petitioner has not exhausted the remedies available to him under Mississippi law.  Petitioner sought to raise his claims for ineffective assistance of counsel and constructive amendment for the first time during the direct appeal of his aggravated assault conviction.  *See* Objection 5 [20].  Petitioner did so by seeking leave to file a supplemental brief raising those claims after briefing had closed.  *Id.*  The Mississippi Supreme Court specifically declined to consider the claims on the basis that "[i]neffective assistance of counsel claims are more appropriately brought during post-conviction proceedings[]" available under Mississippi law.  *Ferguson v. State*, 137 So. 3d 240, 246 (Miss. 2014) (quoting *Archer v. State*, 986 So. 2d 951, 955 (Miss. 2008)); *see also* Miss. Code §§ 99-39-1 through -29.  Because Petitioner's claims were not properly presented to the highest state court, he has yet to exhaust those remedies available to him under Mississippi law.  The Court finds that Petitioner's claims for ineffective assistance of counsel and constructive amendment were not "fairly presented" to the courts of the State of Mississippi, and the Petition [1] should be dismissed.  *See, e.g.*, *Castille v. Peoples*, 489 U.S. 346, 349-51 (1989) (finding that presentation of claims on discretionary review to the state's highest court does not constitute "fair presentation" for purposes of exhaustion); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (noting that fair presentation "requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'").

### III. CONCLUSION

After a thorough review and consideration of the parties' submissions, the Proposed Findings of Fact and Recommendations [17], Petitioner's Objection [20], and the record as a whole, the Court finds that Petitioner's Objection [20] is not well taken or supported by the record and should be overruled. The Court concludes that the Magistrate Judge's Proposed Findings and of Fact and Recommendations [17] should be adopted as the opinion of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner's Objection [20] to the Magistrate Judge's Proposed Findings and of Fact and Recommendations [17] entered March 3, 2015, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Proposed Findings and of Fact and Recommendations [17] of United States Magistrate Judge Robert H. Walker entered March 3, 2015, are adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner's Motion Requesting [sic] Status Update [19] is **DENIED** as **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [12] filed by Respondent Christopher Epps is **GRANTED**, and the Petition for Writ of Habeas Corpus [1] is **DISMISSED**, without prejudice for failure to exhaust state law remedies.

**SO ORDERED AND ADJUDGED**, this the 16th day of June, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE